## In re HOLLENFELTZ.

### (District Court, N. D. Iowa. June 12, 1899.)

BANKRUPTCY—MORTGAGE CREDITOR—PAYMENT OF TAXES.

Where a mortgage creditor of the bankrupt forecloses his mortgage, and bids in the property at the foreclosure sale, but the property remains in the possession of the trustee in bankruptcy during the time allowed by law for redemption, and the latter collects rent from tenants of the premises, the creditor is not entitled to be reimbursed, out of such rent, for the amount advanced by him in payment of taxes which, were due and a lien on the property at the time of the sale.

In Bankruptcy. On review of rulings of referee.

Duffy & Maguire, for bankrupt.

SHIRAS, District Judge. From the facts certified up by the referee in the above case it appears that Michael Hollenfeltz was adjudged a bankrupt on October 4, 1898; that at that time the Dubuque National Bank held a mortgage on the middle and south middle fifths of lot 434 in the city of Dubuque to secure an indebtedness due the bank, upon which a decree of foreclosure was rendered in favor of the bank at the January term, 1899, of the district court of Dubuque county, Iowa, and that at the sheriff's sale had in pursuance of the decree of foreclosure the bank became the purchaser of the realty for the sum of $11,145, and now holds the sheriff's certificate of sale, the time of the redemption under the statute of Iowa not having expired. It further appears that at the time of the sheriff's sale there were due upon said realty, and a lien thereon, the taxes for the year 1897 and 1898, amounting to the sum of $16.60, which have been paid by the bank, and it also appears that the trustee has collected as rentals from the mortgaged realty the sum of $176. Based upon these facts, the bank now asks an order directing the trustee to apply, so far as necessary, the rentals received from the realty to the repayment of the taxes, on the ground that it would be inequitable to require the bank to pay the taxes, and yet permit the trustee to retain the rentals for the benefit of the

general creditors. The referee refused to make the order asked by the bank, and at the request of the bank has certified the question to the court for review and decision.

When the bank became the purchaser of the property at the sheriff's sale, it bought the same subject to the lien of the taxes then due upon it. If Hollenfeltz had not been adjudged a bankrupt, he would have been entitled to the possession of the property until the period of redemption expired, and no facts are made to appear justifying the holding that he could have been compelled to apply the rentals in his hands to the payment of the taxes. The presumption is that the amount bid by the bank at the sale was the sum the bank was willing to give for the property in its then condition; that is, subject to the lien of the unpaid taxes. If the property should be redeemed from this sale by any one, the bank will receive the amount of its bid, plus the amount of the prior liens paid by it, which would include the taxes paid. If redemption is not made, then the bank will obtain the title to the property for the consideration it bid at the sale, and there seems to be no equitable ground for granting the relief prayed for by the bank. If it were true that the bank, by reason of the purchase at the foreclosure sale, had become entitled to the rentals of the property during the year of redemption as against the mortgagor and bankrupt, it might claim the same as its property, even though they had been collected by the trustee; but it is not shown that the bank had the right to the rentals, and therefore it has no right or equity thereto, and there exists no ground for holding that the bank is entitled to be reimbursed, out of the rentals, for the amounts advanced by it in payment of the taxes upon the realty which it purchased at the sheriff's sale. The ruling of the referee is therefore affirmed.