In re VEITCH et al.

(District Court, D. Connecticut. April 11, 1900.)

No. 165.

BANKRUPTCY—LIENS—TAXES.
    Where real estate of a bankrupt, mortgaged for more than its value, and also subject to the lien of taxes assessed thereon (the tax lien being made paramount to that of the mortgage by the laws of the state), is sold to the mortgagee, and his claim against the bankrupt's estate for the deficiency proved and allowed, the court will not order the taxes to be paid out of the funds of the estate, since such payment would operate to the benefit of the mortgagee, in prejudice of the rights of general creditors, and since the taxes are, in any event, secured.

In Bankruptcy. On review of decision of referee in bankruptcy.

A. Heaton Robertson, Corp. Counsel, for city of New Haven.
H. W. Asher, for trustee in bankruptcy.

TOWNSEND, District Judge. In this estate was real estate mortgaged for $5,700, which was also subject to tax liens for taxes assessed upon said real estate, amounting to $446.59. These tax liens, by the laws of the state of Connecticut, take precedence of the mortgage. There remains in the hands of the trustee approximately $500 above the expenses of settling the estate. The mortgaged property was sold to the mortgagee at auction for $1. It was worth less than the mortgage. The mortgagee sold it for $3,000, and the referee allowed his claim at $2,700; being the amount of his indebtedness above the mortgage. The referee ruled that the taxes upon personal property, amounting to $211.30, should be paid by the trustee, and that the $446.59 assessed upon and secured by said real estate should not be paid by the trustee. The referee held that the taxes secured by liens upon the real estate were secured claims; that the only result of payment would be to take the amount from the general creditors for the benefit of the mortgagee, without benefit to the tax collector; that such result would be inequitable; and that taxes so secured came within the rule of secured claims, under the statute. That the practical result of payment of these taxes on real estate by the trustee would be to take the amount from the general creditors and give it to the mortgagee must, of course, be conceded. If the tax collector is obliged to enforce his lien, there are legal fees compensating him for his trouble. The municipalities to which the tax is due have no real interest in the controversy. The only precedent under the law of 1867, so far as I am aware, is Foster v. Inglee, 13 N. B. R. 239, Fed. Cas. No. 4,973. In this case an execution had been levied upon real estate subject to taxes. It was held that, if the taxes had been deducted in estimating the value of the real estate, the rules of equity would forbid their payment by the trustee. It follows, then, that, upon precedent, taxes should not be paid by the trustee, where such payment would operate to the advantage of a third party against another; the taxes being, in any event, secured. Under the law of 1898, in Re Tilden, 1 Am. Bankr. Rep. 300, 91 Fed. 500, the taxes were assessed against an exempt homestead of the bankrupt. The referee refused to order the taxes paid by the trustee. The attention of the court was not called to any decision under former bankruptcy statutes throwing light on the question. Held, "the exemption laws are to be liberally construed to accomplish the purpose of the exemption," and ordered the taxes paid. The contest in that case was apparently between the bankrupt and the general creditors, the tax collector taking no part; and the decision does not indicate that the tax collector was considered as having any interest therein. John C. Hurley, referee for the Eastern district of Texas, made the same decision in a similar case. In re Baker, 1 Am. Bankr. Rep. 526. In that case the taxes were a lien upon the personal as well as upon the real property. No precedent under bankruptcy laws was cited by counsel, and no case similar to the present has been found by me. Under section 64b, taxes seem to come fifth in order among the debts which have priority. It has always been recognized that the general rules of equity are to govern the administration of bankruptcy laws. These

rules include the marshaling of assets, where necessary to do justice between the parties. It ought not to be construed to be the intent of the law that taxes should be paid where it is not questioned but that they are otherwise secured, and where such payment would work supra, and, so far as is shown, has not been held otherwise. Decision affirmed.