COOPER GROCERY CO. v. BRYAN.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1904.)

No. 1,264.

**1. BANKRUPTCY—PRIORITIES—TAXES—SUBROGATION.**

The members of a firm gave a warranty deed for land on which taxes were due. Ten years later, while a member of the firm was a bankrupt, judgment was rendered, in a suit to foreclose the tax lien, against the grantee and each member of the firm, with judgment over in favor of the grantee against the members of the firm. The grantee then paid the judgment. *Held*, that he became merely a general creditor of the bankrupt, and was not entitled, through subrogation, to priority of payment, under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], providing that taxes owing by the bankrupt to the United States, state, county, district, or municipality shall be paid prior to dividends to creditors.

Petition to Superintend and Revise Proceedings in Bankruptcy of the District Court of the United States for the Western District of Texas.

Jno. W. Davis, for petitioner.

T. F. Bryan, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. In 1894 the firm of Moore Bros., of which the bankrupt, Bart Moore, was a partner, owned certain lots in the city of Waco, state of Texas, standing for convenience in the name of James I. Moore, who, at some date not specified, conveyed said property by warranty deed to M. A. Cooper, who thereafter conveyed the same by warranty deed to the Cooper Grocery Company. The taxes for 1894 assessed on said lots and due the city of Waco, county of McLennan, state of Texas, remained unpaid. At the September term, 1901, of the district court of McLennan county, Tex., suit was instituted by the city of Waco against Luke Moore, John Moore, Bart Moore, James I. Moore, and T. P. Moore, and the Cooper Grocery Company, to recover the amount of the tax of 1894, and to foreclose the tax lien on the property assessed and then standing in the name of the Cooper Grocery Company. To said suit all the defendants, including the bankrupt, appeared and answered. The Cooper Grocery Company, setting up specifically its purchase of the land in good faith without knowledge of the unpaid taxes thereon, and also the like purchase by its vendor, M. A. Cooper, asked judgment over against its codefendants in case it should have to discharge said tax lien. Upon trial had judgment was rendered the 14th of March, 1902, for $572 in favor of the city of Waco against the Cooper Grocery Company and each member of the firm of Moore Bros., including said bankrupt, with foreclosure of the tax lien upon said property, and for judgment over in favor of Cooper Grocery Company against its codefendants in case it should have to pay said judgment. Thereafter, and upon demand of the city of Waco, and to prevent an order of sale under said judgment, said Cooper Grocery Company paid to the city of Waco the amount of said judgment, interest and costs, and then filed its petition in the bankruptcy of Bart Moore, alleging subrogation to the judgment in favor of the city of Waco, and praying reimbursement out of any assets left in the hands of the trustee and prior to the payment of other creditors, the same as the city of Waco would have been entitled to under the terms of section 64a of the bankrupt act (Act July 1, 1898, c. 541, 30. Stat. 563 [U. S. Comp. St. 1901, p. 3447]). The referee denied the right of the Cooper Grocery Company to claim repayment under section 64a, and denied that there were any facts which entitled said grocery company to any lien or priority. The decision of the referee having been certified to the district judge, that judge entered an order affirming the decision of the referee in all respects. Neither the referee nor the district judge gave any reason for the rejection of the demand of the Cooper Grocery Company. We infer from the brief filed by the trustee that the grounds upon which he resisted the demand were, first, that under section 64a the trustee in bankruptcy should only pay taxes on real estate actually coming into his hands for administration; second, that, as the Cooper Grocery Company held the property against which taxes were due under warranty deed from the bankrupt, it had accepted the promise of its grantors to remove any cloud on the title thereof, and the tax in question was merely such a cloud; and, third, that the claim for taxes had been merged in the money judgment, after which the demand was only a money demand, and the original claim for taxes had lost its

identity, and the petitioner is only a general creditor of the bankrupt.

Under the judgment rendered in the district court of McLennan county, state of Texas, the Cooper Grocery Company, upon payment of the judgment foreclosing the tax lien, was entitled to judgment against all the members of the firm of Moore Bros. who were parties to the suit. As the property upon which the tax lien directly rested was the property of the Cooper Grocery Company, and it was for that reason that they were compelled to pay the judgment, it is clear that by payment they only became subrogated to a personal judgment against the Moore Bros., so that the relation of the Cooper Grocery Company to the bankrupt Bart Moore is that of a general unsecured creditor, unless the bankruptcy law gives it a better position through having paid taxes due and owing by the bankrupt to the city of Waco. This better position is claimed under section 64a of the bankrupt law, as follows:

"Debts which have Priority. (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

The policy of this provision, and its effect when taxes were actually due and owing by the bankrupt to a municipality, we had occasion to consider in City of Waco v. Bryan, Trustee (just decided) 127 Fed. 79, and we there held that by and through the bankruptcy the municipality was not to be hindered or delayed in the collection of its taxes, and that, where taxes were actually due and owing by a bankrupt to a municipality, the letter of the law should prevail, and the taxes be paid prior to dividends, irrespective of equities existing otherwise between creditors.

The petitioner claims that by the enforced payment of the judgment for taxes existing as a lien on its own property it has, under the doctrine governing equitable assignment, as well as under the provisions of the judgment paid, become subrogated to all the rights, liens, and priorities of the original creditor, the city of Waco, whose debt was paid. We do not admit the justice or equity of this contention. The petitioner does not come within the letter, nor, as we think, the policy, of the statute. The equity asserted, if admitted, is an inferior equity. The case shows that the claim asserted is a partnership debt of 10 years' standing, arising out of property long owned and controlled by petitioner; that said property never came into, or was affected by, the bankruptcy; and we find no reason in equity why petitioner should be paid by preference over other creditors. The short of the matter is that the petitioner was and is a general creditor of said Bart Moore, and the adjudication of said Moore in bankruptcy has not improved the position.

The petition for review is denied, with costs.