## In re WILLIAM A. HARRIS STEAM ENGINE CO.

### In re BOURN.

(District Court, D. Rhode Island.  June 25, 1915.)

#### No. 1450.

BANKRUPTCY ⬠316—CLAIMS—PRIORITY—TAXES—LESSOR.

Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (Comp. St. 1913, § 9648), giving priority to taxes legally due and owing by the bankrupt to the United States, state, county, or municipality, does not entitle a landlord of the bankrupt, whose lease required the bankrupt to pay the taxes, to priority for his claim for such taxes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ⬠346.]

In Bankruptcy.  Proceedings against the William A. Harris Steam Engine Company.  On petition of A. O. Bourn to review an order of the referee.  Order approved and affirmed, and petition for review dismissed.

The report of Referee in Bankruptcy Nathan W. Littlefield was as follows:

To the Honorable Arthur L. Brown, United States District Judge:

The undersigned, referee in bankruptcy for said district, respectfully reports that in the course of the proceedings in said cause certain questions arose which are hereinafter more fully stated.

The facts to which these questions relate are as follows:

On the 6th day of April, 1915, Augustus O. Bourn, who was and is the owner of certain real estate leased by said bankrupt, filed a proof of claim, which was numbered 42 on the docket of claims in said cause, for the sum of $1,955.48. Said proof of claim is herewith transmitted. The consideration stated in said proof of claim is as follows: "Taxes assessed by the city of Providence on June 15, 1914, payable in October, 1914, against deponent as taxes upon premises occupied by said William A. Harris Steam Engine Company at corner of Park and Promenade streets, and which said bankrupt, under the terms of its lease between deponent and it, promised to pay. Deponent hereby avers said claim for taxes is a preferred claim against bankrupt."

On the 29th day of April, 1915, the trustee filed an objection to the allowance of said claim. Said objection is herewith transmitted.

Said claim and objection thereto were set down for hearing and heard upon the 3d day of May, 1915, and thereupon the referee entered the following order on the same day: "The objection to the claim of Augustus O. Bourn as a claim entitled to priority coming on to be heard on this 3d day of May, A. D. 1915, and being argued by counsel, thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that said claim be allowed as a claim not entitled to priority, and in so far as said claim is for a priority it is hereby disallowed." Copies of said order were immediately mailed to the counsel for the claimant and for the trustee.

On the 10th day of May, 1915, Augustus O. Bourn filed a petition in the office of the referee, praying that the referee order the trustee to pay the taxes due as aforesaid to the city of Providence.

Said petition was set down for hearing on the 14th day of May, 1915, and thereupon, upon consideration thereof, the following order was entered by the referee on the 26th day of May, 1915: "The petition of Augustus O. Bourn, filed on the 10th day of May, 1915, praying that an order may be issued to the trustee in bankruptcy of said estate to pay the taxes due to the city of Providence, coming on to be heard on the 14th day of May, A. D.

1915, it is ordered, adjudged, and decreed that said petition be denied and dismissed."

On the 14th day of May, 1915, said Augustus O. Bourn filed a motion with the referee that he be allowed to withdraw the claim filed by him under date of April 6, 1915, whereby he claimed the sum of $1,955.48, the amount of taxes for the year 1914 upon the premises occupied by the bankrupt, due him as a preferred claim, and thereupon the referee entered the following order on the 26th day of May, 1915: "The foregoing motion coming on to be heard on the 14th day of May, A. D. 1915, it is ordered, adjudged, and decreed that said motion be and hereby is denied."

On the 14th day of May, 1915, Augustus O. Bourn also filed a motion praying that the referee amend the order and decree entered on May 3, 1915, disallowing said claim for taxes, by striking therefrom the words, "that said claim be allowed as a claim not entitled to priority," which motion was heard on the same day, and thereupon, upon consideration thereof, the referee entered the following order on May 26, 1915: "The foregoing motion coming on to be heard on the 14th day of May, A. D. 1915, it is ordered, adjudged, and decreed that the same be, and hereby is, denied."

It was admitted that the taxes on which said claim is based were assessed by the city of Providence as alleged in the original proof of claim and also in the petition for an order on the trustee to pay the amount of the taxes to the city of Providence.

On the 19th day of April, 1915, said Augustus O. Bourn filed a petition with the referee setting forth that the receiver of the bankrupt estate and the trustee in bankruptcy had occupied the premises leased by him to the bankrupt from the 21st day of February, 1915, and that the trustee in bankruptcy was still occupying the same; that a reasonable and proper rental of the premises is the sum of $7,940.56 per year; and praying that he be allowed from the estate the rent of said premises at said yearly rate for the period of time the same had been occupied by the said receiver and trustee and for the time the same may be so occupied.

Said petition came on to be heard on the 26th day of April, 1915, at which time the following items on which the claim of rent of $7,940.56 was based were presented to the referee by counsel for the claimant and in his presence:

| | |
|---|---:|
| Unpaid taxes | $1,875.06 |
| Insurance | 228.00 |
| Interest on mortgage | 2,117.50 |
| Cast payments called for by lease | 3,100.00 |
| Estimated repairs | 640.00 |

Two of these items were questioned by the trustee—the item for repairs, which was, for the purpose of estimating the amount of rent properly chargeable, fixed at $500, and the item of interest, which had been paid in advance and was not due, and on that basis the referee authorized and directed the trustee to pay to said Augustus O. Bourn the sum of $1,000 on account of rent accrued or to accrue for the use of the premises, without prejudice, however, to the trustee or to the petitioner to claim a different amount as actually due to said petitioner for the rent as aforesaid. The sum of $1,000 was paid by the trustee as rent of the premises to Mr. Bourn, which amount is somewhat larger than the amount of rent actually due for occupation by the receiver and trustee at the time of the hearing on the basis aforesaid as in part a payment in advance.

No question was made at that hearing that the petitioner was claiming the right to receive as a part of the rent of the premises a proportionate amount of the taxes for the year, and the amount actually paid did include a part of the taxes so assessed.

No petition for review of the referee's order disallowing the original claim for taxes filed on April 6, 1915, was taken within 10 days from the entry of the order thereon, or at any time since then. The motion to withdraw said claim and the motion to amend same were filed after the expiration of 10 days from the entry thereof.

On May 28, 1915, the claimant filed a petition for a review of the order of the referee entered on May 26, 1915, denying and dismissing the petition of

Augustus O. Bourn filed on the 10th day of May, 1915, praying that an order might be issued to the trustee in bankruptcy to pay the taxes due to the city of Providence.

On the same date said Augustus O. Bourn filed a petition for a review of the order entered by the referee on the 26th day of May, 1915, denying the motion of said Augustus O. Bourn that he be allowed to withdraw the claim filed by him under date of April 6, 1915, wherein and whereby he claimed the sum of $1,955.48, the amount of taxes for the year 1914 upon the premises owned by the said Augustus O. Bourn and occupied by the bankrupt, as a preferred claim.

On the same date said Augustus O. Bourn filed a petition for a review of the order entered by the referee on the 26th day of May, 1915, denying the motion of said Augustus O. Bourn that the referee amend the order and decree entered by him on the 14th day of May, 1915, denying the motion of said Augustus O. Bourn that the referee amend the order and decree entered by him on the 3d day of May, 1915, by striking out therefrom the words "that said claim be allowed as a claim not entitled to priority."

Inasmuch as the questions raised by the various petitions for review all relate to the claim of Augustus O. Bourn that he is entitled to have the taxes assessed upon the premises owned by him and leased by the bankrupt paid in full by the trustee in bankruptcy out of the assets of the estate, the referee is of the opinion that the various petitions should be consolidated, and should be made the subject of one report.

The principal question of law involved in these various petitions is whether the owner of premises against which a tax has been levied can claim priority for the payment of such taxes out of assets of the bankrupt's estate.

The clause of the lease upon which the claimant bases his claim to such priority is as follows: "(2) In addition to the rent payable at the times and in the manner aforesaid, the lessee shall also, from time to time during the term of this lease and all extensions and renewals thereof, pay or cause to be paid all taxes, water rates, and assessments of every description which may be payable either by the landlord or the tenant in respect of said premises and the buildings and improvements thereon."

In support of this claim counsel for the claimant cited or referred to the following cases: Urquhart v. Brayton, 12 R. I. 169; Merriman v. Social Mfg. Co., 12 R. I. 175; Munroe v. Firemen's Relief Ass'n, 19 R. I. 363, 34 Atl. 149; Smith v. Union Ins. Co., 25 R. I. 260, 55 Atl. 715, 105 Am. St. Rep. 882; Gould v. United Traction Ass'n, 26 R. I. 142, 58 Atl. 624.

All these cases uphold the right of a third person to enforce a promise made by one person to another for the benefit of said third person, although the consideration does not move from said third person, and although he was not cognizant of the promise when it was made.

The present case does not seem to fall within the scope of the doctrine announced by the cases cited. This is not a case where a third party is seeking to enforce a promise made for his benefit under an agreement to which he is not a party. The city of Providence is not a party to the lease, and the city of Providence is not seeking to obtain any benefit under the contract. Moreover, no evidence has been offered that the city of Providence at any time has acceded to the promise made for its benefit, or that the city of Providence, through its constituted authorities, has had any knowledge of such promise.

In Blake v. Atlantic Nat. Bank, 33 R. I. 464–468, 82 Atl. 225, 39 L. R. A. (N. S.) 874, it is held that, until a person in whose favor such a promise is made accepts the new agreement and assents to its terms, such third person is not in a position to avail himself of any benefit under the agreement. The court holds (33 R. I. page 468, 82 Atl. page 226 [39 L. R. A. (N. S.) 874]) that:

"Before such accession on his part, his right to insist upon the performance of the promise in his favor may be lost by revocation or release between the parties to the agreement or by the intervention of the rights of others. Wood v. Moriarty, 16 R. I. 201 [14 Atl. 855]. Such assent to be effective must be given before the bankruptcy of the promisor.

"This view is in accord with the general doctrine of the Rhode Island cases as to the position of the beneficiary under such promise before his assent to it. It also agrees with the great weight of authority that the indebtedness of a bankrupt may not be increased in this manner after bankruptcy. In re Isaacs, 13 Fed. Cas. 148."

It seems clear that, bankruptcy having intervened and no assent having been shown to have been given by the city of Providence before such bankruptcy, the city of Providence could not enforce the promise contained in said lease against the trustee in bankruptcy. Such being the case, it follows that the claimant cannot compel the trustee in bankruptcy to assume an obligation of the claimant to the city of Providence which the city of Providence itself could not enforce.

The doctrine of subrogation has no application to this case. The claimant does not occupy the position of a surety, indorser, or other person secondarily liable for the payment of these taxes, and he would not be entitled to be subrogated to the right of the city of Providence to collect the taxes assessed against his property, even if the city of Providence, on the facts as they exist, had any right to collect said taxes from the trustee in bankruptcy.

Moreover, the priority of payment given by section 64a of the Bankruptcy Act to taxes expressly limits such priority to taxes "legally due and owing by the bankrupt to the United States, state, county or municipality."

The fact that a party other than the bankrupt may also be liable for the payment of taxes by contract or by statute is not sufficient to entitle such other party to priority of payment. In re Waller (D. C.) 15 Am. Bankr. R. 753, 142 Fed. 883; In re Wyoming Valley Ice Co. (D. C.) 16 Am. Bankr. R. 594, 145 Fed. 267.

Section 64a has been and should be strictly construed, and its benefit should not be extended to a creditor other than the municipality to which the tax is due and owing by the bankrupt. In re Broom (D. C.) 10 Am. Bankr. R. 427, 123 Fed. 639; In re Veitch et al. (D. C.) 4 Am. Bankr. R. 112, 101 Fed. 251; In re Hollenfeltz (D. C.) 2 Am. Bankr. R. 499, 94 Fed. 629; In re Parker, Fed. Cas. No. 10,719.

If the referee is correct in his interpretation of the law on these points, all the other questions involved in the various petitions are of no consequence. However, the referee is of the opinion that the filing of the original proof of claim by the petitioner on the 6th day of April, 1915, and the submission of the question of the right of the claimant to priority to the decision of the referee, and the failure of the claimant to file a petition for review of the referee's decision denying priority to his claim, precluded the claimant from again attempting to litigate the same question on the second petition filed on the 10th day of May, 1915, asking for an order on the trustee in bankruptcy to pay the amount of the taxes, the question involved being precisely the same in both cases.

The referee was unable to find any ground for modifying his order upon the original claim as prayed for by the claimant. When a claim is submitted for a certain amount of indebtedness, and priority is claimed for the same, and a hearing is had upon the claim, and an order and decree thereon entered, there would seem to be no reason for permitting the decision on such claim to be split into two parts and litigated as two separate and independent questions.

No authority for such a proposition has been presented to or discovered by the referee.

Herewith are transmitted:

Proof of claim of Augustus O. Bourn for the sum of $1,955.48, filed April 6, 1915.

Objection of trustee to same, filed April 29, 1915.

Order disallowing said claim as to priority, filed May 3, 1915.

Petition for order on trustee to pay taxes, filed May 10, 1915.

Order denying said petition, filed May 26, 1915.

Motion to withdraw claim, filed May 14, 1915, and order thereon, filed May 26, 1915.

Motion to amend order of May 3, 1915, filed May 14, 1915, and order thereon, filed May 26, 1915.

Petition for allowance of rent, filed April 19, 1915, and order thereon, filed April 26, 1915.

Petition for review of order of May 26, 1915, denying petition for order to pay taxes, filed May 28, 1915.

Petition for review of order of May 26, 1915, denying motion to withdraw claim, filed May 28, 1915.

Petition for review of order of May 26, 1915, denying motion to amend order, filed May 28, 1915.

Respectfully submitted,

Nathan W. Littlefield, Referee in Bankruptcy.

Barney & Lee, of Providence, R. I., for claimant.

Edwards & Angell, of Providence, R. I., opposed.

BROWN, District Judge. The opinion of the referee fully and carefully considers the principal question of the petitioner's right to priority under section 64a of the Bankruptcy Act. As I agree with his conclusion and reasoning upon this point, it becomes unnecessary to consider the other points that have been argued.

The order of the referee is approved and affirmed.

The petition for review is dismissed.