DAYTON, TRUSTEE, ETC. *v.* STANARD, TREAS-URER OF PUEBLO COUNTY, COLORADO.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 404. Submitted January 7, 1916.—Decided June 12, 1916.

Under § 64a of the Bankruptcy Act the holders of tax certificates who have paid taxes and assessments on property of the bankrupt at tax sales of such property, which sales have been declared invalid, are entitled to be reimbursed the amount paid, on cancellation of their certificates, out of the general fund of the bankrupt's estate, with legal interest, but not with the larger interest and penalties imposed by statute in tax sale redemptions.

220 Fed. Rep. 441, modified and affirmed.

THE facts, which involve the rights, under § 64a of the Bankruptcy Act, of the holders of tax sale certificates of land of the bankrupt, are stated in the opinion.

*Mr. Harvey Riddell* for petitioner.

*Mr. Horace Phelps* for respondents.

Mr. Justice Van Devanter delivered the opinion of the court.

This is a controversy growing out of the sale for taxes and special assessments of divers tracts of real property belonging to a bankrupt estate then in the course of administration in a court of bankruptcy. The property was in *custodia legis* and was sold without leave of court. Because of this the court held the sales invalid and entered a decree canceling the certificates of purchase and enjoining the County Treasurer from issuing tax deeds thereon. Thus far there is no room to complain. *Wiswall* v. *Sampson,* 14 How. 52; *Barton* v. *Barbour,* 104 U. S. 126; *In re Tyler,* 149 U. S. 164; *In re Eppstein,* 156 Fed. Rep. 42. The court further directed in its decree that the several tracts be sold by the trustee free from any lien for the taxes and assessments, and that the holders of the certificates of purchase be severally reimbursed out of the proceeds of the respective tracts, but not out of the general assets, for the taxes and special assessments paid thereon, with the interest and penalties which accrued prior to the time the trustee took possession. Upon appeal to the Court of Appeals that court modified the decree by requiring that the certificate holders be reimbursed for the amounts paid at such sales and for subsequent taxes, together with interest thereon, "as provided by the laws of Colorado on redemption from tax sales of land," the same to be paid "out of the general fund, regardless of the amount which the property may bring at bankruptcy sale." 220 Fed. Rep. 441.

The trustee urges, first, that the certificate holders should not be reimbursed at all; second, that, if reimbursed, they should not be allowed any interest or penalties other than such as accrued prior to the time when the trustee qualified and took possession, and, third, that they should not be reimbursed out of the general

assets, but only out of the proceeds of the trustee's sale of the tracts for which they severally had certificates.

Considering the plain provision in § 64a of the Bankruptcy Act of 1898 (30 Stat. 544), that "the court shall order the trustee to pay all taxes legally due and owing by the bankrupt . . . in advance of the payment of dividends to creditors," we entertain no doubt of the propriety of requiring that the certificate holders, who had paid the taxes and assessments at the sales, be reimbursed upon the cancellation of their certificates, or of requiring that the reimbursement be out of the general assets. The taxes and assessments were not merely charges upon the tracts that were sold, but against the general estate as well.

And while we are of opinion that the certificate holders were entitled to interest upon the amounts paid at the ordinary legal rate, applicable in the absence of an express contract, we think they were not entitled to the larger interest required to be paid on redemption from tax sales. They were not in a position to stand upon the terms of the redemption statute, for the sales were invalid, and the only recognition which they could ask was such as resulted from an application of equitable principles to their situation. The decree of the Circuit Court of Appeals is modified to conform to what is here said respecting the allowance of interest. In other respects it is affirmed.

*Decree modified and affirmed.*