### In re MINOGUE et al.
### No. 16894.

District Court, E. D. New York.
March 21, 1930.

Gaillard, Fisher & Allen, of New York City, for the motion.

Frederick W. Lahr, of St. George, S. I. N. Y., opposed.

CAMPBELL, District Judge.

This is a motion for an order directing a reargument of the motion made February 14, 1930, to direct the trustee to pay certain expenses in foreclosure. The motion originally made was denied by me.

No memorandum was received by me from the petitioner's attorneys by February 19th, but, it appearing that such memorandum had been sent to the clerk and petitioner contending that a real question is presented, the reargument was allowed.

The petitioner represents certain holders of mortgages covering property belonging to the bankrupts, which mortgages were foreclosed, and in each instance purchased by the holder of the mortgage foreclosed on the sale in foreclosure by the referee appointed by the state court to make the sale.

The petitioner now seeks an order directing the trustee to pay to the respective holders of said mortgages the money paid by each of them for taxes and interest thereon, water rates, and insurance.

■ This motion it seems to me should, in the first instance, properly have been made before the referee in bankruptcy to whom the case was referred, and should have been made on the petitions of the persons interested, and not by an attorney at law representing them, but this court has jurisdiction to entertain the motion, and, without regard to technical errors, will decide it.

■ No receiver was appointed in the foreclosure actions, and no order segregating the rents was ever had; therefore the petitioner is not entitled to any relief as to expenses. In re Brose (C. C. A.) 254 F. 664.

■ Petitioner contends, however, that the holders of said mortgages are entitled to be repaid the amount paid by them for taxes, with interest thereon, and water rates, under the provisions of section 64a of the Bankruptcy Act (11 USCA § 104(a).

This contention is not sustained. The taxes and water rates are not unpaid, and no claim for their payment can be made by the municipality, state or United States, because they have been paid, either by the referee in the foreclosure action or by the purchaser at the foreclosure sale.

■ The amount thereof was paid out of the purchase price at the foreclosure sale, and neither the referee, the purchasers, nor the holders of said mortgages were subrogated to the rights of the municipality, state, or United States by such payments.

■ The benefit of priority is available only to the municipality, state, or United States, and may not be extended to any other creditor. Matter of Harris Steam Engine Co. (D. C.) 225 F. 609, 34 A. B. R. 835; In re Broom (D. C.) 123 F. 639, 10 A. B. R. 427; In re Veitch (D. C.) 101 F. 251, 4 A. B. R. 112; In re Michael Hollenfeltz (D. C.) 94 F. 629, 2 A. B. R. 499.

■ The situation, however, is quite different where the land is sold by the municipality for taxes, because in that case the tax is not paid and the lien discharged, but the purchaser purchases the very lien of the municipality, and the purchaser at the tax sale is entitled to subrogation to a municipality's right to priority of payment of taxes from the assets of the bankrupt. Matter of Clark Realty Co. (C. C. A.) 253 F. 938, 42 A. B.

R. 403; Dayton v. Stanard, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190, 1192.

In the instant matter, however, the petitioner's clients were not purchasers at tax sales.

Motion denied.