**In re ROGERS.**

**No. 50,212–BH.**

United States District Court
S. D. California, Central Division.

Dec. 13, 1951.

Burton A. Van Tassel, Los Angeles, Cal., for petitioner.

Sidney Traxler, Los Angeles, Cal., for Bankrupt, Petitioner on Review.

Russell B. Seymour, Los Angeles, Cal., for William A. Wylie, Trustee, Respondent on Review.

HARRISON, District Judge.

Petition for review of determination of the Referee has been presented by claimant Aetna Casualty & Surety Company. The sole question presented is whether a claim for a payment, made prior to bankruptcy, by a surety on a bond given by the bankrupt to secure the payment of taxes is entitled to priority under Section ·64, sub. a (4) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4). The facts in this case are not in dispute.

The equitable doctrine of subrogation is not new. Even without its general acceptance by the courts as a remedy for a surety who has discharged the indebtedness of the principal debtor, Section 57, sub. i of the Bankruptcy Act provides for the subrogation of a surety to "the rights" of the creditor who fails to file a claim. 11 U.S.C.A. § 93, sub. i.

Of course, subrogation will be denied to the mere volunteer, In re Green River Jockey Club, D.C., 5 F.2d 259; In the Matter of Inland Gas Corp., 6 Cir., 91 F.2d 113, and it will be denied to one who engineers a tax sale to buy the bankrupt's worthless equity for the sole purpose of claiming the government's priority distribution. In the Matter of Gracey, D.C., 241 F. 981. On the other hand, there is a respectable split of authority on the question of whether a purchaser at a tax sale may be subrogated to the priority of the taxing unit. Holding that such purchaser may not be so subrogated are: In re Hollenfeltz, D.C., 94 F. 629; In re Veitch, D.C., 101 F. 251; In re Minogue, D.C., 39 F.2d 239; In re Brinker, D.C., 128 F. 634; and in the Matter of Hibbler Machine Supply Co., D.C., 192 F. 741. Contra are the more recent cases of In the Matter of Clark Realty Co., 7 Cir., 253 F. 938, and in the Matter of Ingersoll, 10 Cir., 148 F.2d 282.

Subrogation to the priority of Section 64, sub. a(4) has been allowed in the case of purchasers who bought at a sale of real property belonging to a bankrupt estate, later declared invalid, and who paid the taxes due on such realty at the time of that sale, Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190, and in the case of unsecured creditors of a bankrupt who advanced sufficient amounts to the United States to compromise a claim against the bankrupt for taxes due. In re Baltimore Pearl Hominy Co., 4 Cir., 5 F.2d 553. The presence of a lien is unnecessary. New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284.

As far as I can ascertain, our Circuit Court has not passed upon the issue herein involved. In Collier's on Bankruptcy (14th Ed.), Vol. 3, page 2167, the following language is used:

"When the power to present a tax claim against a bankrupt's estate is transferred to a non-governmental claimant by subrogation or assignment, an important question of policy is raised. Does the transfer carry with it the government's right to fourth priority? Or must the transferee claim as a general creditor? The answer is not found in Section 64. Nor are the courts in agreement. As a general policy, it is hard to see why this priority should not be transferable, although particular circumstances often impel an opposite conclusion."

The Trustee relies upon the case of In re Green River Jockey Club, 5 F.2d 259, 261, decided by the District Court, Western District of Kentucky, but disregards the holdings of the 4th Circuit Court of Appeals, In re Baltimore Pearl Hominy Co. reported in 5 F.2d 553, holding to the contrary.

Judge Byers in Re Columbia Tobacco Co., D.C., 38 F.Supp. 148, 149, decided the precise point now before this court wherein he stated the question to be:

"(1) Did the sureties by paying the tax become subrogated to the rights of the State and the City, respectively, so that they may now be reimbursed, as the holders of priority claims, out of general funds in the hands of the trustee?

"(2) If such right of subrogation exists, can it be enforced with reference to these particular taxing statutes?"

In the same opinion it was further stated: "The priority which pertains to the sovereign is not hedged about by such divinity that it cannot accrue to those who, as sureties, place the government in funds, through the payment of taxes. Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L. Ed. 1190; Fidelity & Casualty Co. v. Massachusetts Mutual Life Ins. Co., 4 Cir., 74 F.2d 881; In re Baltimore Pearl Hominy Co., 4 Cir., 5 F.2d 553. See also Restatement of the Law—Restitution Sec. 162 f."

Further quoting from Judge Byers:

"In re Minogue, D.C., 39 F.2d 239, and In re Green River Jockey Club, D.C., 5 F.2d 259, cited in the decision of the referee, are not controlling. Neither in those cases nor in any of the decisions cited in the opinions was there a claim asserted on the part of a surety for the taxpayer. The other obvious distinctions do not invite discussion.

"Without extending this discussion, it may be permitted to repeat: It seems inequitable that the general creditors here should be permitted to increase their dividends at the expense of sureties for State and City taxes who have paid the amounts thereof, and for that reason the views of the referee do not command acceptance in this court."

The decision by Judge Byers was affirmed in 2 Cir., 121 F.2d 641, 643, in an opinion written by Judge Frank wherein he said: "Claims for taxes owing by the bankrupt to a State or a City are entitled to priority under Section 64, sub. a(4) of the Bankruptcy Act. It follows that appellees, via subrogation, were entitled to priority."

The decision of Judge Byers together with the affirmance thereof is very persuasive, considering the language of Sec. 64, sub. a(4) construed with Sec. 57, sub. i of the Bankruptcy Act. Therefore, in view of the general equitable consideration governing procedure in bankruptcy and governing the doctrine of subrogation, the order of the Referee is modified and petitioner's claim is allowed as a preferred claim, entitled under subrogation to the same rights and priorities to which the State of California would have been entitled under Section 64, sub. a(4) if petitioner had not paid the taxes due the State as an obligation under its bond covering the bankrupt's liability.

The claimant petitioner is directed to submit proposed order in conformity with the opinions herein expressed within ten days.