**In re Joseph M. BATES, Jacqueline W. Bates, Debtors.**

**Bankruptcy No. 81-1-1660.**

United States Bankruptcy Court, D. Maryland.

May 18, 1983.

Ronald Goldberg, Silver Spring, Md., for debtors.

Theodore Scheve, creditor.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

At issue is the debtors' objection to the proof of claim filed by Theodore J. Scheve in the amount of $1,076.60 plus interest and costs of $197.20. That claim is said to be a priority claim alleging that

"[d]ebtors' real estate was sold by Prince George's County for back taxes to claimant; suit was filed in Prince George's County after a full title search to preserve claim under Maryland law."

When originally argued, this motion seemed to involve matters of first impression concerning the Maryland law of tax sales and its interrelationship with the bankruptcy laws. On the first date for hearing, only the debtors' counsel appeared. The court reset the matter for argument and directed that full notice be given the Attorney General of the State of Maryland and the Clerk of the Circuit Court for Prince George's County. No response was received from either.

Debtors' Chapter 13 Statement and Plan filed December 31, 1981, did not include the claimant Theodore J. Scheve as a creditor. Debtors' amended Chapter Plan was confirmed by an order passed July 20, 1982.

The debtors' amended Chapter 13 Plan filed May 26, 1982, provided for the payment to the State of Maryland for real estate taxes, but debtors made no mention of the Scheve position. On September 10, 1982, debtors filed an Amended Schedule A-3 adding a debt said to be owing to Theodore J. Scheve and Geraldine E. Scheve as an unsecured claim without priority in the amount of $1,076.60 plus interest at 12% per annum.

STATEMENT OF THE CASE. Debtors, Joseph Bates and Jacqueline Bates, were the owners of real property with improvements known as 5523 Center Avenue, Lanham, Maryland. When they failed to pay their real estate taxes, their residence was the subject of a tax sale conducted pursuant to Article 81, §§ 70 *et seq.* (1980) of the Annotated Code of Maryland.

The auction took place on May 11, 1981. The statutory certificate of sale was pur-

chased by Theodore J. Scheve. Later, on October 14, 1981, a foreclosure action was docketed in the Circuit Court for Prince George's County, Maryland, by the holder of the first mortgage. The sale was scheduled for December 11, 1981, but debtors filed a petition under Chapter 13 of the Bankruptcy Code on December 10, 1981, the day before, thus causing a stay of the foreclosure.

On August 12, 1982, Theodore J. Scheve filed suit in the Circuit Court for Prince George's County, Maryland, to foreclose the equity of redemption in the subject property. The holder of the first mortgage filed a Motion Raising Preliminary Objection, staying those proceedings. On September 14, 1982, Mr. Scheve filed a proof of claim with this court asserting a priority claim.

Debtors filed an objection to the proof of claim as a priority claim on September 29, 1982. All parties were invited to file briefs.

QUESTION PRESENTED. Does the claim of Theodore J. Scheve achieve priority status?

■ DISCUSSION. Unpaid state, county, and city taxes on real estate are liens on the real estate in respect to which they are levied from the date they became payable (Art. 81, § 70).

■ Tax sales of real property in Maryland are governed by Maryland Code Annotated, Article 81, §§ 70 through 123C (1980). The collector of the tax is required to sell any property within two years for which taxes are in arrears, Md.Code Ann., Art. 81, § 72 (1980). No property may be sold for less than the total taxes due, plus interest, penalties, and expenses of sale, Md. Code Ann., Art. 81, § 80 (1980).

When Mr. Scheve purchased the tax certificate, he bought a bundle of rights, but did not step into the shoes of the tax assessor.

■ Under 11 U.S.C. § 1322(a), a Chapter 13 Plan must provide for the full payment of all claims entitled to priority under 11 U.S.C. § 507. If the Scheve claim is a priority claim, then confirmation must be set aside, or the plan modified. Scheve's problem is that 11 U.S.C. § 507(a)(6)(B) providing for priorities for

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

gives that priority to a governmental unit's claims, and not to him. The claimant does not fit into that category. Furthermore, in order to be eligible for priority, the tax must be payable without penalty after one year before the date of the filing of the petition. The petition was filed December 10, 1981, so the tax must be last payable without penalty after December 10, 1980. The tax in question was for the levy year 1980–1981, and therefore was last payable without penalty on September 30, 1980 (Art. 81, § 48).

■ While earlier cases such as *Dayton v. Stanard,* 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190 (1914); *Gray v. Jacobsen,* 13 F.2d 959 (DC Cir.1926); *In re Ingersoll,* 148 F.2d 282 (10th Cir.1945); and *In re Baltimore Pearl Hominy Co.,* 5 F.2d 553 (4th Cir.1925), have permitted subrogation to the priority of a taxing unit, this must be viewed in the cold light of § 507(d):

(d) An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

The statute is clear and unambiguous. The subrogated entity does not take of the priority status. *See Collier on Bankruptcy,* 507–7 (15th ed. 1981). *See generally, In re Missionary Baptist Foundation of America,* 667 F.2d 1244, 1245 (5th Cir.1982) (Review of pre-1978 law and legislative history of § 507(d).) *Also see, In re Co-Build Companies, Inc.,* 21 B.R. 635 (Bkrtcy.E.D.Pa.1982) (In Bankruptcy Act case, officer of debtor corporation held entitled to subrogation to government's tax claim—a thorough discussion of pre-Code sources.)

An order will be entered in accordance with this opinion.