**In the Matter of BAREFOOT SPORTS, INC., Debtor.**

**Bankruptcy No. MM7–82–01299.**

United States Bankruptcy Court, W.D. Wisconsin.

June 5, 1986.

Ronald Paskin, Madison, Wis., for debtor.

## MEMORANDUM DECISION
## AND ORDER

ROBERT D. MARTIN, Chief Judge.

David C. Spencer, a principal of the debtor, Barefoot Sports, Inc., claims that involuntary payments he made to the IRS constitute a priority claim in bankruptcy. The trustee, William J. Rameker objects. On September 29, 1983, a proof of claim in the amount of $3,895.31 was filed on behalf of the IRS for unpaid withholding taxes. There was an error in the proof of claim. The debtor actually owed the IRS a total of $5,643.53 including principal, penalties and interest. By letter of April 11, 1985, Spencer was notified by the IRS that a $2,030.22 overpayment on his individual tax return was being applied to Barefoot's tax liability. At the hearing on the final account held on October 4, 1985, Spencer made a verbal request for priority as a tax claimant in the amount of his income tax overpayment. Alternatively, he requested that the IRS be paid the original $5,643.53 so as to allow him to seek reimbursement from the IRS.

### I.

The trustee argues that Spencer has not presented a timely or valid claim. The last day on which to file proofs of claim was February 8, 1984. Spencer did not attempt to bring his subrogation claim until the October 4, 1985, hearing.

Bankruptcy Rule 3002 provides in pertinent part:

(a) *Necessity for Filing.* An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005.

. . . .

(c) *Time for Filing.* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be

William J. Rameker, Murphy & Desmond, S.C., Madison, Wis., trustee.

filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code. . . .

Bankruptcy Rule 3002(a), (c). Bankruptcy Rule 3005 provides in pertinent part:

(a) *Filing of Claim.* If a creditor has not filed a proof of claim pursuant to Rule 3002(c) or 3003(c), one who is or may be liable with the debtor to that creditor, or who has secured that creditor, may, within 30 days after the expiration of the time for filing claims . . . execute and file a proof of claim in the name of the creditor. . . . The creditor may thereafter file a proof of claim pursuant to Rule 3002(c) or 3003(c) and it shall supersede the proof of claim filed pursuant to the first sentence of this subdivision.

Bankruptcy Rule 3005(a).

■ The clear import of the quoted rules is that a codebtor, surety or subrogee is only required to file a formal proof of claim if the creditor has failed to do so. Further, section 502(e)(1) of the Code provides in relevant part:

[T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

. . . .

(C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

11 U.S.C. § 502(e)(1)(C). Section 509(a) explicitly recognizes the right of subrogation:

(a) Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

(b) Such entity is not subrogated to the rights of such creditor to the extent that—

(1) a claim of such entity for reimbursement or contribution on account of such payment of such creditor's claim is—

(A) allowed under section 502 of this title. . . .

11 U.S.C. § 509(a), (b)(1)(A). It is clear from the statutes that a party who has not filed his own claim in a bankruptcy case may nevertheless be subrogated to the rights of a claimant under that claimant's properly filed claim. Therefore, Spencer is subrogated to the IRS's position as an unsecured creditor to the extent of the payment from his tax overpayment.[1]

## II.

■ Spencer argues that he is entitled, as well, to the priority status held by the IRS claim. This contention is meritless. Section § 507(d) expressly provides that:

An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

11 U.S.C. § 507(d).[2] Codebtors or sureties subrogated to the rights of a governmental unit asserting a priority tax claim are not entitled to be subrogated to the governmental unit's priority status. *In re Bates,* 30 B.R. 273, 275 (Bankr.D.Md.1983); *In re DuBose,* 22 B.R. 780 (Bankr.N.D.Ohio

---

1. The claimant's right to subrogation under section 509 is however subordinate to the rights of the IRS until the IRS has received the full amount of its tax claim either by payments in this case or otherwise. 11 U.S.C. § 509(c). Thus the claimant can receive no dividend unless the IRS actually receives 100% payment of its claim.

2. Prior to the 1984 amendments unsecured tax claims constituted a sixth priority claim. The 1984 amendments to section 507 resulted in a renumbering of the priorities so that tax claims

now constitute a seventh priority claim. Congress apparently neglected to revise the cross reference to section 507(a)(6) contained in section 507(d). This same mistake occurred with respect to the cross reference to section 507(a)(6) contained in section 1129(a)(9)(C). *See United States v. Neal Pharmacal Company,* 789 F.2d 1283 (8th Cir.1986), footnote 1 at p. 2. As with section 1129(a)(9)(C) it is obvious that Congress intends the section 507(a)(6) cross reference in section 507(d) to continue to refer to tax claims. *See id.*

1982); *In re Woerner*, 19 B.R. 708 (Bankr. D.Kan.1982). This result holds true even if the subrogee has received an express assignment of the taxing authority's rights. *In re Woerner, supra.* Spencer is subrogated, to the extent of his payment, to the IRS's rights as a general unsecured creditor, and may share pro rata with other unsecured creditors in any distribution, but he is not entitled to the priority status which the IRS holds with respect to the claim in dispute.

### III.

Spencer asks that the IRS be paid the full amount of its claim ($5,643.53) so that he may be reimbursed by the IRS. No authority has been cited which would provide for such a result and I have found none. If the claimant were to prevail on this point, the effective result would be to grant his claim preferential treatment vis-a-vis the other unsecured creditors. To so treat the IRS's claim would result in an "end-run" of the Code's express treatment of this problem in sections 507 and 509.

Spencer is entitled to assert the IRS's claim to the extent of his $2,030.22 payment, and to share pro-rata with the other general creditors as to that amount, once the IRS has received full payment of its claim. He is not entitled to receive full reimbursement for his claim, either by subrogation to the IRS's priority status, or indirectly by allowing payment of the full amount of the original debt to the IRS. The IRS is entitled to priority status for the $3,613.31 balance of the debt, not the erroneous $3,895.31 stated on its proof of claim.

It shall be so ordered.