In re Thomas R. GAUMER, Elizabeth Ann Gaumer, Debtors.

Bankruptcy No. 2–84–02738.

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 28, 1988.

**4**

Lee C. Mittman, Columbus, Ohio, for debtors.

Thomas R. Straus, Steubenville, Ohio, trustee.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NO. 17

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection to claim, filed by Thomas R. Straus, the duly appointed trustee of the Chapter 7 bankruptcy estates of Thomas and Elizabeth Gaumer ("Trustee"). The claim objected to is claim no. 17, filed on behalf of Thomas R. Gaumer (the "Debtor"). As the facts in this matter were stipulated to the Court by the parties, the Court's decision relates only to the legal issues presented.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(a) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

■ The contested claim is asserted for monies involuntarily retained by the United States, Department of the Treasury, Internal Revenue Service ("IRS"), from post-petition refunds of federal income taxes attributable to overpayments by the Debtor. The retained refunds were offset by IRS against certain pre-petition tax obligations scheduled in the Debtor's bankruptcy case for which IRS has also asserted a proof of claim. Those tax obligations, as claimed by IRS, are priority unsecured claims pursuant to 11 U.S.C. § 507(a)(7). By his claim the Debtor asserts a right to be subrogated to IRS' priority status for the amounts he paid because of the IRS setoffs.

Upon review of the applicable statutes, the Court finds that the provisions of 11 U.S.C. § 507(d) prohibit the subrogation sought by the Debtor. Section 507(d) does not appear on its face to specifically prohibit § 507(a)(7) priority tax claims from subrogation as to status. The Court is convinced, however, upon reading the legislative history of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Act"), that the omission of § 507(a)(7) from the proscription embodied in § 507(d) was the result of a technical or typographical error in the statute.

The 1984 Act effected changes in the numbering of the subsections of § 507(a), but failed to account for that renumbering in § 507(d). Prior to the 1984 Act, however, subrogation for tax claim status was prohibited by § 507(d) through its reference to § 507(a)(6), the subsection formerly applicable to tax claims. The Court finds no indication in the legislative history that any substantive change was intended for § 507(d), and at least one commentator on the subject has indicated that § 507(d)'s failure to include a specific reference to § 507(a)(7) claims was an inadvertent error. *3 Collier on Bankruptcy* ¶ 507.07 (1987). The Court accepts that explanation. The existing policy against subrogation of certain claimants' status would not have changed without indication by Congress that substantive change was intended. Based upon that assessment, the Court finds that the Debtor cannot be subrogated to the seventh priority position of IRS.

■ The Court further finds that the claim asserted by the Debtor does not have first priority status pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1). The taxes which the Debtor was involuntarily forced to pay did not represent post-petition obligations, but rather represented pre-petition claims for which IRS filed a proof of claim. Therefore, the claim does not represent payments to preserve the estate or for any other purpose which would give rise to an administrative claim pursuant to 11 U.S.C. § 503(b). The Debtor may have recourse against IRS for the involuntary seizure of his property during the pendency of his bankruptcy case, to the extent such seizure preceeded his discharge order of May 28, 1985, but he does not have an administrative claim resulting from that occurrence.

Based upon the foregoing, the Trustee's objection to claim no. 17 filed by the Debtor is SUSTAINED.

IT IS SO ORDERED.