**In re HENZLER MANUFACTURING CORP., Debtor.**

**Bankruptcy No. 83–00193.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 12, 1988.

**656**

Theodore Gersz, Toledo, Ohio, for Henzlers.

John J. Hunter, Toledo, Ohio, Trustee.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, for the U.S.

Mark Abramson, Gerald B. Lackey, Toledo, Ohio, for Union.

## OPINION AND ORDER DENYING MOTION FOR SUBROGATION

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the trustee's motion requesting that this court rule upon the motion for subrogation of the Internal Revenue Service claim on behalf of William G. Henzler and Lynne D. Henzler and objections thereto by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW and its Local 12 and the United States of America. Upon consideration thereof the court finds that said objections should be sustained, that the motion for subrogation should be denied, and that the Henzlers be permitted to share pro rata as unsecured creditors if IRS is paid in full.

### FACTS

On February 2, 1983, an involuntary petition under chapter 7 of title 11 was filed by creditors of Debtor. An order for relief was entered on February 24, 1983. On May 17, 1985, William G. Henzler and Lynne D. Henzler (hereinafter the Henzlers) filed a motion for subrogation of the Internal Revenue Service claim. The Henzlers contend that a refund in the amount of $2,263.00, to which they were entitled as a result of their 1983 U.S. individual income tax returns, was withheld by the Internal Revenue Service (IRS). IRS placed these monies in escrow as a result of a contingent liability of William Henzler for a debt to the IRS from Debtor corporation. Motion for Subrogation of IRS Claim on Behalf of William G. Henzler and Lynne D. Henzler at 1–2 (May 17, 1985) (hereinafter Motion for Subrogation). William Henzler was president and principal shareholder of Debtor corporation. *Id.* at 1. The Henzlers request an order of subrogation, directing the trustee to pay them $2,263.00 from the sum due the IRS by Debtor. *Id.* at 2. IRS has filed several proofs of claim, all representing amounts exceeding $2,263.00.

On June 5, 1985, an objection was filed by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW and its Local 12, claiming that the Henzlers' claim should be subordinated to all other creditors and that the Henzlers should not be allowed "to step into the shoes of the IRS" as a result of William Henzler's contingent liability. Objection to Motion for Subrogation of IRS Claim on Behalf of William G. Henzler and Lynne D. Henzler at 1 (June 5, 1985). The United States of America (USA) also filed an objection to said motion, on June 20, 1985, asserting that the tax liability of William Henzler is separate from the liability of the Debtor; consequently, there is no basis for subrogation. Opposition of USA to Motion of William and Lynne Henzler for Subrogation of IRS Claim at 1 (June 20, 1985) (hereinafter Opposition of USA). USA contends that 26 U.S.C. § 6672 provides for the assessment of a 100% penalty against William Henzler as responsible officer of Debtor corporation as a result of Debtor's failure to timely pay its 941 taxes. *Id.* Therefore, William Henzler's liability is not contingent but is a separate tax indebtedness. *Id.*

A pretrial on the Henzlers' motion for subrogation and objections thereto was held on November 14, 1985, at which time the Henzlers indicated that they would file a status report within 30 days. Proceeding Memo (November 14, 1985). The Henzlers failed to further prosecute this action and

the trustee, on June 17, 1988, filed his motion requesting resolution of the Henzlers' motion and the objections thereto. Motion at 1 (June 17, 1988). No further response has been filed by the Henzlers to the trustee's motion.

### DISCUSSION

Subrogation is defined as:

[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.

\* \* \* \* \* \*

The right of one who has paid an obligation which another should have paid to be indemnified by the other. A device adopted by equity to compel ultimate discharge of an obligation by him who in good conscience ought to pay it.

Blacks Law Dictionary at 1279 (5th ed. 1979). *See In Re Lapille*, 53 B.R. 359, 361 (Bkrtcy.S.D.Ohio 1985) (elements of legal subrogation include that there must be a debt or obligation for which parties other than the subrogee are primarily liable, that he discharges for the protection of his own rights or interests).

■ 11 U.S.C. § 507(d) provides that: an entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(4), (a)(5), or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

The reference to subsection (a)(6) in subsection (d) was not renumbered to reflect the amendments to the Bankruptcy Code; subsection (a)(6) should read (a)(7). *In Re Tentex Marine, Inc.*, 83 B.R. 530, 534 (Bkrtcy. W.D.Tenn.1988).

The facts in *All Star Sports*, 78 B.R. 281 (Bkrtcy.D.Nev.1987), are analogous to those in the instant situation. In *All Star Sports*, an officer of the Debtor corporation filed a proof of claim representing taxes he paid on behalf of Debtor for amounts Debtor withheld from employees but not paid over to the government. *All Star Sports*, 78 B.R. at 282. The officer had been notified by the IRS that these taxes represented taxes for which he would be assessed the 100% penalty of 26 U.S.C. § 6672 as a "responsible person." *Id.* at 283 and n. 1. Section 6672 imposes on a responsible person a liability "separate and distinct from the corporation employer's duty to pay such taxes." *Id.* (citations omitted). That officer was seeking contribution and indemnification from the estate. *Id.* The court in disallowing indemnification or contribution for the penalty imposed by § 6672 stated:

that the penal nature of the statute would be reduced, if not entirely defeated, by allowing a person found to be a "responsible person" to shift the burden or cost of the assessment.

*Id.* at 284 (citation omitted). The court ultimately found, however, that § 507(d), in this case, did not prohibit subrogation of the officer's claim as the taxes he paid were postpetition taxes of the estate entitled to administrative status under § 503(b)(1)(B) (dealing with taxes incurred by the estate) and § 507(a)(1) (dealing with administrative expenses allowed under § 503(b)).

The court also stated, in discussing common law principles of subrogation, that

[a]s a general matter, the right to subrogation exists only when the subrogee pays or discharges a debt for which another is primarily liable. One cannot seek subrogation for the payment of one's own debts. Here, it has not been argued that [the officer] was personally liable for the sales taxes he paid on behalf of the debtor corporation.

*Id.* at 285.

■ In the instant situation, the IRS withheld the Henzlers' 1983 income tax refund as a result of the 100% penalty assessed pursuant to 26 U.S.C. § 6672. Opposition of USA at 1. William Henzler, as the responsible officer of the Debtor corporation is liable separately for these taxes.

The Henzlers, obviously, may not be subrogated to the priority status afforded IRS. 11 U.S.C. § 507(d). *See also Tentex Ma-*

*rine, Inc., supra* (§ 507(d) is conclusive and precludes a creditor from being subrogated to the priority position of IRS); *In Re Gaumer,* 83 B.R. 3 (Bkrtcy.S.D.Ohio 1988) (Debtor sought subrogation to IRS priority status for an income tax refund retained by IRS and setoff against Debtor's prepetition tax obligation; the court found that § 507(d) prohibited Debtor's subrogation for tax claim status); *Matter of Barefoot Sports, Inc.,* 61 B.R. 546 (Bkrtcy.W.D.Wis.1986) (principals of Debtor corporation may not be subrogated to the rights of governmental unit's priority status); *In Re DuBose,* 22 B.R. 780, 9 B.C.D. 701, 7 C.B.C.2d 169 (Bkrtcy.N.D. Ohio 1982); 3 *Collier on Bankruptcy* ¶ 507.04 at 507–33 (15th ed. 1988).

However, the Henzlers may share, pro rata, as unsecured creditors if IRS is paid in full. *Barefoot Sports, Inc.,* 61 B.R. at 548 and n. 1. *See also Tentex Marine,* 83 B.R. at 535 (although that issue was not before the court, the court stated that the principals of Debtor corporation may be subrogated to the position of IRS in the amount of payments made to IRS in that they may have unsecured claims for amounts they paid).

The Henzlers seek subrogation for an income tax refund retained by IRS for Debtor's prepetition tax obligation in the amount of $2,263.00. While the Henzlers may not be subrogated to the priority status afforded the IRS tax claim, if IRS is paid in full, the Henzlers may share pro rata as unsecured creditors having a claim in the amount of $2,263.00. In light of the foregoing, it is therefore

ORDERED that the motion of William G. Henzler and Lynne D. Henzler for subrogation of the priority claim of the Internal Revenue Service be, and it hereby is, denied. It is further

ORDERED that if the claim of the Internal Revenue Service is paid in full, William G. Henzler and Lynne D. Henzler be allowed to share pro rata, in the distribution of the estate, as unsecured creditors having a claim in the amount of $2,263.00.