In re WATKINS OIL SERVICE, INC., Debtor.

UNITED BANK OF ARIZONA, an Arizona corporation, Plaintiff,

v.

WATKINS OIL SERVICE, INC. et al., Defendants.

Bankruptcy No. 86–251–PHX–SSC. Adv. No. 88–283.

United States Bankruptcy Court, D. Arizona.

Jan. 30, 1989.

Dwight C. Flickinger, Phoenix, Ariz., for Watkins Oil Service, Inc.

Christopher S. Rizek, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C.

Brent C. Gardner, Udall, Shumway, Blackhurst, Allen, Lyons & Davis P.C., Mesa, Ariz., for Karl P. Watkins and Beverly J. Watkins.

## MEMORANDUM DECISION AND ORDER

SARAH SHARER CURLEY,
Bankruptcy Judge.

This matter comes before the Court pursuant to United Bank's Complaint to Determine Extent and Priority of Lien of United

Bank of Arizona and the Objections to Confirmation of the Debtor's Plan of Reorganization filed by the Internal Revenue Service ("IRS") and Karl and Beverly Watkins ("Watkins"). The Watkins own 100 percent of the issued and outstanding stock of Watkins Oil Service, Inc., the Debtor.

The initial Confirmation Hearing was held on March 22, 1988. The Watkins had filed a Conditional Objection to Confirmation, requesting that as co-debtors on the United Bank and IRS debts, the Confirmation Order direct that any funds to be paid under the Plan of Reorganization to either United Bank or the IRS be paid to the Watkins to the extent of any sums previously paid to those parties by Karl and Beverly Watkins. The Debtor had agreed to such an arrangement.

The IRS Objection alleged that Debtor was attempting to determine the extent and priority of liens through the plan in violation of the Bankruptcy Code. On January 26, 1988 the Watkins filed their Proof of Claim. On March 17, 1988, the Watkins filed an Amended Proof of Claim, claiming a "priority" for said claim, but mentioning no right of subrogation, reimbursement, or contribution.

At the March 22, 1988 Confirmation Hearing, the Court preliminarily denied confirmation, stating that a legal issue as to subrogation must be resolved, and established a briefing schedule regarding that issue. On April 5, 1988 Karl and Beverly Watkins filed their Brief; on April 13, 1988, the Debtor filed its Response; on April 25, 1988, the IRS filed its Brief; on April 27, 1988 the Watkins filed their Reply Brief; and on May 13, 1988 the IRS filed its Memorandum of Law on Subrogation.

At the Continued Confirmation Hearing on May 13, 1988, the parties were not ready to proceed. United Bank and the IRS had a dispute regarding the priority of secured claims on certain bankruptcy estate assets. The Court instructed United Bank to file the proper adversary complaint to determine the extent and priority of liens, and set a Continued Status Hearing on Confirmation. The adversary proceeding as to the extent and priority of liens was established as Adversary 88–0283.

On July 1, 1988, the parties again appeared before the Court. The Complaint having been filed, and the subrogation issue having been fully briefed, the Court entered a partial ruling. At that Hearing, the Court ruled that the Watkins were subrogated to United Bank under the guarantee agreement executed by the Watkins in favor of United Bank, and under the Bankruptcy Code, Section 509. The Court further held that both the Guarantee Agreement and the Bankruptcy Code required that the claim of United Bank *be paid in full*, which had not yet occurred, before such subrogation rights of the Watkins would arise.[1]

The Court also discussed the equitable subordination and capital contribution arguments advanced by the IRS as to the Watkins, and indicated that such allegations were not properly before the Court and should be pursued in separate adversary proceedings. On July 11, 1988, the Court issued an Order instructing the IRS to file the appropriate documents by a date certain if such arguments were going to be pursued. The IRS failed to comply with the July 11, 1988 Order.

A Continued Status Hearing on Confirmation was held on August 31, 1988. The

---

1. The Guarantee Agreement with respect to subrogation provided in pertinent part:

   In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned, immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such de-

   mand on, or payment by, the Undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. *The Undersigned shall have no right of subrogation whatsoever with respect to the Liabilities or the collateral unless and until Lender shall have received full payment of all the Liabilities.*
   [Emphasis added.]

Court ordered that since the IRS had failed to pursue certain claims, the issues were deemed waived. The Court stated that it would review the pleadings as filed, and took the remaining matters under advisement.

On October 3, 1988 the parties filed a Stipulation to Partial Judgment with respect to the United States in Adversary 88–0283. In this Stipulation, the IRS agreed that United Bank had a prior and paramount perfected security interest over the federal tax lien at issue, as to the property described in the adversary proceeding Complaint, in the amount of $11,-972.19, plus interest and reasonable attorneys' fees. The amount of $11,972.19 represented the proceeds from the sales authorized by this Court on August 13, 1987 and October 22, 1987.

The Partial Judgment on the above Stipulation was entered on October 20, 1988; and on November 3, 1988, United Bank filed a Notice of Satisfaction of Judgment. The Notice indicated that United Bank had released the Watkins and the Debtor from any and all liability in connection with the indebtedness due United Bank set forth in the Stipulation.

The remaining legal issues for determination may be summarized as follows:

I. Whether the Watkins assume a prior and paramount perfected security interest in the remaining assets of the Debtor, now that United Bank has been paid in full.

II. Whether the Watkins may be subrogated to the position of the IRS in the remaining assets of the Debtor, as a result of partial payments of the IRS by the Watkins.

III. Whether the filing of a Proof of Claim, by the Watkins in March of 1988, was an election of remedies by the Watkins, entitling them only to the right of subordination, and not the right of subrogation.

### ISSUE I

In analyzing generally the right of subrogation, one Court has stated the essential elements as follows:

The doctrine of subrogation enables one who pays the debt of another to stand in the shoes of the latter party and assert whatever rights that party held. [Citations omitted] It applies where a party pays a debt or discharges an obligation for some type of liability rather than voluntarily, [citations omitted], and for which another is primarily liable. *Rubenstein v. Ball Bros., Inc.* (In re New England Fish Co.), 749 F.2d 1277, 1282 (9th Cir.1984). Moreover, a party cannot assert subrogation for paying his own debt.[2]

■■■ However, secondary liability that would arise under a guaranty agreement, as in this case, would be an appropriate basis upon which to assert a right of subrogation. *In re Denby, supra.* Although a party may be entitled to a right of subrogation if only a partial discharge of the underlying indebtedness has occurred, if ongoing payments are still being made to the primary creditor, the right of subrogation should not arise until the primary creditor is paid in full. See *In re Denby, supra* 86 B.R. at 780, n. 14; *In re Henzler Mfg. Corp.*, 89 B.R. 655 (Bankr.N.D.Ohio 1988); *In the Matter of Barefoot Sports, Inc.*, 61 B.R. 546, 548 n. 1 (Bankr.W.D.Wisc.1986). Furthermore, as previously stated, the Guarantee Agreement executed by the Watkins provided that no right of subrogation would enure to them until the Bank had been paid in full. However, the Watkins have recently filed with this Court a Notice that the Bank has been paid in full. Therefore, the Watkins may now step into the shoes of the Bank, and assert its rights in this proceeding, including the right to a perfected security interest in the remaining assets of the Debtor.

A case which addresses a similar situation is *In re Trasks' Charolais*, 84 B.R. 646 (Bankr.D.S.D.1988), which concerned a guarantor, and ultimately, a purchaser of real property under a contract for deed. The guarantor, who had exercised an option to purchase the real property with another and ultimately became vested with

**2.** *In re Denby Stores, Inc.*, 86 B.R. 768, 775    (Bankr.S.D.N.Y.1988).

all rights under the contract for deed as a vendee, subsequently assigned his rights as vendee under the contract to a debtor that filed a Chapter 11 petition. The guarantor was forced to make payments to the contract vendor and the taxing authorities as a result of the payment defaults of the debtor. In concluding that the guarantor had a right to subrogation on the basis of the assignment of the contract for deed alone (which still made him secondarily liable to the vendor), the Court, in *Trasks' Charolais*, stated that the guarantor was entitled to be subrogated to the rights of the secured creditor; that is, the contract vendor. *Id.* at 649.

Based upon the foregoing, the Watkins are entitled to be subrogated to the perfected security interest of United Bank on the assets of the Debtor in the full amount of the United Bank claim.

### ISSUE II

■ As to the subrogation issue for payments made by the Watkins to the IRS, the Watkins filed an Amended Proof of Claim relating to the IRS penalty assessment on March 17, 1988. As previously stated by this Court, the right to subrogation does not arise until the creditor, as to whom one wishes to succeed, has been paid in full. 11 U.S.C. Section 509(c). However, Section 507(d) states that "An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection ... (a)(7) of this section is not subrogated to the right of the holder of such a claim to priority under such subsection." The Courts which have addressed similar issues have consistently held that one who pays the IRS on behalf of another, because they were co-debtors, does not become subrogated to the position of the IRS *priority* claim. *In re Cooper*, 83 B.R. 544, 546 (Bankr.C.D.Ill. 1988); *In Re Henzler Mfg. Corp.*, 89 B.R. 655 (Bankr.N.D.Ohio 1988); *In Re Denby Stores, Inc.*, 86 B.R. 768 (Bankr.S.D.N.Y. 1988); *In the Matter of Barefoot Sports, Inc.*, 61 B.R. 546 (Bankr.W.D.Wis.1986). Therefore, under the Plan of Reorganization of the Debtor, the Watkins cannot succeed to the priority position, if any, of the IRS under Section 507(a)(7) of the Bankruptcy Code.

To the extent that the Watkins do not wish to claim the priority position of the IRS under Section 507(a)(7), but rather the lien position of the IRS on certain remaining assets of the Debtor, that argument cannot succeed under the present facts. Initially, the IRS states that 26 U.S.C. Section 6323(i)(2) does not permit subrogation to a party that pays said IRS indebtedness secured by a tax lien, unless subrogation is permitted under the applicable State law. Citing *Del E. Webb Hotel Co. v. Bentley*, 8 Ariz.App. 408, 446 P.2d 687, 691 (1968), the IRS urges this Court to rule that Arizona law does not permit subrogation to an IRS tax lien, because there can be no subrogation under Arizona law if a party pays a debt upon which it is obligated.

■ However, State law is superceded by Federal law when the two conflict. Where the language of Congress indicates a policy requiring a determination that is different from that reached under State law, the Supremacy Clause of the United States Constitution, Article VI, does not permit State law to interfere with the intended result. *Perez v. Campbell* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *In re Nelson*, 59 B.R. 417 (9th Cir.BAP 1985). Nor does the prohibition against being subrogated to certain priority positions contained in Section 507(d) of the Bankruptcy Code appear applicable to a tax lien, if the underlying indebtedness is paid in full. In *In re Trasks' Charolais, supra*, the Court concluded that to the extent the guarantor paid the administrative expense claim of the taxing authority, he was entitled to be subrogated to that specific priority in payment, since an administrative expense was not within the specific prohibition of Section 507(d). *Id.* at 652. Such a principle should apply with equal force to a tax lien. However, the underlying indebtedness to the IRS, as to which the lien was filed, has not been paid in full. Therefore, under the principles previously set forth, the Watkins cannot assert a right of subrogation as to the IRS tax lien until the IRS indebtedness, as to which the lien relates,

is paid in full. Moreover, the nature, extent, and validity of the IRS tax lien as to the Debtor's assets has not been considered by this Court. Obviously, to the extent the IRS lien is invalid, with the IRS only having a Section 507(a)(7) priority claim, the Watkins would have no right of subrogation as a result of Section 507(d). Therefore, this Court, at this time, has insufficient facts to accord the Watkins a right of subrogation as to the IRS tax lien.

## ISSUE III

■ Although not briefed by the parties, the IRS stated in Court that the Watkins could assert no right of subrogation, because the latter parties had filed a Proof of Claim, thereby constituting an election of remedies. Section 509(b) provides, in pertinent part:

(b) Such entity is not subrogated to the rights of such creditor to the extent that—

(1) a claim of such entity for reimbursement or contribution on account of such payment of such creditor's claim is—

(A) allowed under section 502 of this title

(B) disallowed other than under section 502(e) of this title; or

(C) subordinated under section 510 of this title; or

(2) as between the debtor and such entity, such entity received the consideration of the claim held by such creditor....

However, Section 502(e)(1) of the Bankruptcy Code requires the Court to disallow any claim "for reimbursement or contribution of an entity that is liable with the debtor on ... the claim of a creditor" to the extent that the claimant has also asserted a right of subrogation under Section 509. 11 U.S.C. Section 502(e)(1)(C). It follows from this statutory language that a right to subrogation does not require a party claiming such a right to file a Proof of Claim. The creditor on the *underlying indebtedness* need only file the Proof of Claim, with the party claiming a right of subrogation to file a claim only if the pri-

mary creditor does not. *Bankruptcy Rule* 3005; *In re Matter of Barefoot Sports, Inc.*, 61 B.R. 546, 548 (Bankr.W.D.Wisc. 1986). However, this election, between filing a claim and asserting a right to subrogation, is to prevent a party from receiving more than one recovery. Therefore, if a party has asserted a right to subrogation, the Court should disallow the claim filed by the party also seeking a right to contribution or reimbursement. *In re Trasks' Charolais*, 84 B.R. 646, 650 (Bankr.D.S.D. 1988). In this matter, it is somewhat difficult to categorize the claim filed by the Watkins. However, assuming that it is a claim for reimbursement or contribution, this Court shall disallow the claim pursuant to Bankruptcy Code Section 502(e)(1)(C). The Watkins have asserted their right to subrogation, and cannot pursue such a right and file a claim requesting contribution or reimbursement.

Based upon the foregoing,

IT IS ORDERED that the Watkins shall be entitled, upon presentation of further evidence, to be subrogated to the tax lien of the IRS after it has been paid in full and if the tax lien is valid; however, the Watkins are not entitled to the IRS' priority position, if any, under Section 507(a)(7).

IT IS FURTHER ORDERED that the Watkins shall be subrogated to the rights of United Bank in terms of priority over the IRS in accordance with the Stipulation submitted by United Bank to this Court and approved in its October 20, 1988 Judgment.

IT IS FURTHER ORDERED that the claim of the Watkins, as amended, shall be disallowed pursuant to Section 502(e)(1)(C) of the Bankruptcy Code.

IT IS FURTHER ORDERED that the Objections to Confirmation that are still extant having been determined in this decision, this Debtor may proceed with its confirmation Hearing. A Confirmation Hearing is scheduled for the day of April 19, 1989, at 1:30 p.m. Hearing Room No. 3, United States Courthouse, 230 North First Avenue, Fifth Floor, Phoenix, Arizona.