**In re Constantine KALDIS and Louise Cooley Kaldis.**

**Bankruptcy No. 86–06362–H3–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 17, 1990.

Frank R. Monroe, Sheinfeld, Maley & Kay, Houston, Tex., for debtors.

Ben Floyd, Houston, Tex., trustee, for debtors.

## MEMORANDUM AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing, Debtor's Notice of Subrogation, and after considering the pleadings, memoranda, arguments of counsel and the testimony presented, the Court enters the following Order. To the extent any findings of fact herein are deemed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are considered to be findings of fact, they are hereby adopted as such.

### Findings of Fact

On July 24, 1986, Debtors filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), which was subsequently converted to Chapter 7 of Title 11 of the Bankruptcy Code on January 6, 1987. In January 1987 the Internal Revenue Service ("IRS") filed a proof of claim for 1981 taxes in excess of $177,000.00. During the pendency of their Chapter 7, the Debtors overpaid their 1987 income taxes by $31,155 and the IRS applied this overpayment to a 1981 prepetition tax liability. On February 22, 1988, subsequent to the IRS's offset, the Debtors were discharged. And on December 12, 1989, the Debtors filed a Notice of Subrogation on which the Trustee (Ben Floyd) timely requested a hearing. The hearing was held on February 13, 1990. The Debtors' estate is not yet distributed.

### Conclusions of Law

 Debtors' claim of subrogation is based on the IRS's involuntarily offsetting their prepetition tax liability with postpetition overpayments. The tax obligations asserted by the IRS are priority unsecured claims pursuant to § 507(a)(7) of the Bankruptcy Code. Debtors' claim for subrogation asserts a right to the priority status of the IRS to the extent of offset. While the language of the Bankruptcy Code under § 507(d) would appear to allow the debtor subrogation to the IRS's priority status, case law has denied such prioritized subrogation due to a typographical error that Congress has yet to correct. *See In re All Star Sports Inc.*, 78 B.R. 281 (Bankr.D. Nev.1987), *In re Ted True Inc.*, 94 B.R. 423 (Bankr.N.D.Tex.1988), and *Creditor's Committee v. Massachusetts Dept. of Revenue*, 105 B.R. 145 (Bankr.D.Mass.1989). Based on a 1984 amendment adding a subsection to § 507(a) of the Bankruptcy Code, and the failure of Congress to change (a)(6) to (a)(7) in § 507(d), courts have denied prioritized subrogation as Congress did not substantively change § 507(d). *In re Gaumer*, 83 B.R. 3, 4 (Bankr.S.D.Ohio 1988). Thus, reference to subsection (a)(6) within § 507(d) should read (a)(7). Given the established interpretation of § 507(d), Debtors are denied subrogation to the IRS's priority status.

 Subrogation is an equitable doctrine allowing a party to be legally substituted to the rights of another for the payment of an obligation for which parties other than the subrogee are primarily liable. *In re Henzler Mfg. Corp.*, 89 B.R. 655, 657 (Bankr.N.D.Ohio 1988). The facts of *Henzler* are somewhat similar to those in the instant case. In *Henzler*, the debtor moved for subrogation due to the IRS's withholding postpetition tax refunds for a contingent prepetition tax obligation. *Id.* The *Henzler* court denied debtor's claim of subrogation to the IRS's priority status, but permitted the debtor to share pro rata as an unsecured creditor having a claim in the amount withheld so long as the IRS was paid in full. *Id.* at 658. In the case before this court, the IRS has filed a proof of claim well in excess of the $31,155 postpetition overpayment used to offset Debtor's 1981 tax obligation. If the IRS is paid in full, then the Debtors are entitled to share pro rata as an unsecured creditor with a claim in the amount of $31,155.

While it is true that persons cannot be subrogated for payment of their own debts, Debtors were not, at the time of overpayment, immediately responsible for the 1981 tax obligation. As previously stated,

the 1981 tax debt was a prepetition debt. Thus the debt was the responsibility of the estate during the pendency of the bankruptcy. As established by the uncontroverted testimony of the Debtors' accountant, the offset by the IRS occurred prior to the discharge of the Debtors on February 22, 1988.

It is also true that pursuant to § 523(a)(1)(A) of the Bankruptcy Code, tax obligations are nondischargeable debts. However the unsecured "claim" of Debtors' for $31,155.00 if the IRS is ever paid in full, is allowed, since the payment of these monies by Debtors was from 1987 income, after conversion to Chapter 7. Thus the payments were from income which Debtors were entitled to keep for personal use, and on which current taxes were being paid through withholding.

It would be inequitable to indirectly "compel" the Debtor to pay from personal funds obligations which were the responsibility of the estate at the time of the offset, without giving the Debtor the opportunity to recoup at least a portion of those funds in the event the IRS is ever paid in full.

■ Debtor also claims that Trustee should be estopped from asserting an objection, on grounds he failed to respond in writing to Debtors' Notice of Subrogation, other than to request a hearing. A written response is required by Rule 9007 of the Bankruptcy Rules For the Southern District of Texas. Rule 9007(a) provides, in pertinent part:

> When the relief sought can only be granted on notice or after notice and hearing ... the movant shall include conspicuously on the front page of the pleading this statement: If you want a hearing, you must request one in writing and you must respond specifically to each paragraph of this statement ...

However, Debtors' Notice of Subrogation did not contain the specified language. Thus neither party was in full compliance with the Local Rule. Since the Trustee timely filed a request for hearing, on a matter which was before the court only on Debtor's "notice," not a motion seeking specific relief, the court deems the Trustee's response adequate.

■ As additional grounds to estop the Trustee, the Debtors claim that the Trustee was negligent in failing to object to the IRS's claims. While Debtors' accountant testified that the amount owed by Debtors to the IRS is significantly less than what the IRS asserts Debtors actually owe, this testimony alone is not enough to establish negligence on the part of the Trustee, nor to estop the Trustee from objecting. Debtors may have grounds to bring an action against the IRS to lessen the claims; however, no grounds for estoppel exist in this case.

Accordingly, the Trustee is not estopped from objecting to Debtors' subrogation, and the Debtors are not entitled to subrogation to the IRS's priority status; the Debtors are, however, entitled to a pro rata share as an unsecured creditor of the estate with a claim in the amount of $31,155 in the event the IRS is paid in full.