In re Theodore Carlton RICHARDSON,
Debtor.

OLD REPUBLIC SURETY COMPANY,
Plaintiff–Appellee,

v.

Theodore Carlton RICHARDSON,
Defendant–Appellant.

Civil Action No. 95–652 PLF.

United States District Court,
District of Columbia.

Dec. 29, 1995.

T. Carlton Richardson, Washington, DC,
pro se.

Robert F. Carney, Whiteford, Taylor &
Preston, Baltimore, MD, for plaintiff-appel-
lee.

*OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This is an appeal from a judgment of the
United States Bankruptcy Court for the Dis-
trict of Columbia. The parties submitted
briefs and presented oral arguments; there-
after, appellee Old Republic Surety Company
submitted a post-argument memorandum ad-
dressing an issue raised by appellant for the
first time at oral argument. Having consid-
ered the briefs submitted by the parties and
the arguments of counsel, the Court affirms
the judgment of the Bankruptcy Court.

## I. BACKGROUND

Appellant Theodore Carlton Richardson, a member of the Bar of the District of Columbia, was appointed as a trustee by the Superior Court of the District of Columbia in order to sell certain property and to place the proceeds of the sale in a trust account for distribution to the beneficiaries of the trust. The property was eventually sold. Pursuant to the rules of the Superior Court, appellant filed six accountings with the court, each of which reflected various withdrawals by appellant from the trust account for operating costs and fees. Appellant made these withdrawals without prior court approval. Thereafter, appellant filed a motion for approval of paid compensation in excess of $46,000.00 and costs, and a petition to be discharged from his obligations as trustee. The Auditor Master of the Superior Court reviewed the matter and submitted a report and recommendations to the court. She concluded that appellant's requested compensation was excessive and should be limited to the statutorily permitted amount, $3,140.41, and that appellant was not entitled to any extraordinary service compensation or upward adjustment under the court's rules. The Auditor Master concluded that appellant should reimburse the trust account for the funds he had withdrawn.

The Superior Court issued an order adopting the Auditor Master's findings, ordering appellant removed as trustee and directing him to reimburse the trust account in the amount of $58,315.83. Appellant failed to comply with the order of the court, and the court then entered judgment against him and against appellee, Old Republic Surety Company, which had issued two surety bonds conditioned on appellant's compliance with his obligations as a trustee. Old Republic satisfied the judgment on behalf of appellant by paying into the trust account $57,451.95 ($58,315.83 less the $863.88 remaining in the account) plus interest, for a total of $59,215.50. It thereafter sought and obtained a judgment against appellant in that amount, with interest running from the date of the judgment.

Appellant filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code and sought discharge of his debts, including the debt to Old Republic. After considering the cross-motions for summary judgment submitted by the parties, the Bankruptcy Court granted judgment for Old Republic, concluding that Old Republic, as surety, was subrogated to the rights of the beneficiaries of the trust account, as creditors, and thus was entitled to benefit from whatever rights the creditors had under 11 U.S.C. § 523(a)(4), including the right to object to the discharge of the debt. It further concluded that the debt owed to the trust account was nondischargeable under that section of the Bankruptcy Code. This appeal followed.

## II. SUMMARY JUDGMENT STANDARD ON APPEAL

This Court reviews the decision of the Bankruptcy Court to grant summary judgment for Old Republic *de novo.* *U.S. v. Spicer,* 57 F.3d 1152, 1159 (D.C.Cir.1995); *In re Varrasso,* 37 F.3d 760, 763 (1st Cir.1994); *Rosen v. Bezner,* 996 F.2d 1527, 1530 n. 2 (3d Cir.1993). Summary judgment in bankruptcy is governed by Bankruptcy Rule 7056 which incorporates the standard of Rule 56 of the Federal Rules of Civil Procedure. *United States v. Spicer,* 57 F.3d at 1159–60; *In re Varrasso,* 37 F.3d at 762–63. Under Rule 56, Fed.R.Civ.P., summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513; *see also Washington Post Co. v. United States Dep't of Health and Human Services,* 865 F.2d 320, 325 (D.C.Cir.1989). The non-moving party, however, is "required to provide evidence that would permit a reasonable jury to find" in its favor. *Laningham v. United States Navy,* 813 F.2d 1236, 1242 (D.C.Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly pro-

bative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249–50, 106 S.Ct. at 2511. In this case, the underlying facts are not disputed.

### III. DISCUSSION

Section 523(a)(4) of the Bankruptcy Code provides that a discharge under the Code does not discharge an individual debtor "from any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ..." For purposes of appeal, appellant concedes that there was a defalcation but maintains that there was no fiduciary relationship between himself as principal and Old Republic as surety. In the absence of such a relationship, he argues, Section 523(a)(4) does not apply and his debt is dischargeable in bankruptcy. The Bankruptcy Court concluded that there did not have to be an express fiduciary relationship between appellant and Old Republic because Old Republic was subrogated to the rights of the trust beneficiaries, creditors of appellant, and stands in their shoes, enjoying all the rights and remedies they would have under the Bankruptcy Code. At oral argument in this Court, appellant asserted for the first time that Old Republic is not entitled to proceed on a theory of subrogation because it chose instead to proceed with a claim for reimbursement; this argument was not raised either in the Bankruptcy Court or in the briefs filed by appellant in this Court.

#### A. Subrogation

Section 509(a) of the Bankruptcy Code provides that, with certain exceptions, "an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment." 11 U.S.C. § 509(a). It is undisputed that Old Republic, as surety, was liable with appellant on the trust account claims of the creditors, the trust beneficiaries and the successor trustee, and that it has made payment on behalf of appellant, the debtor in bankruptcy. As such, it is subrogated to the rights of the trust beneficiaries unless one of the Bankruptcy Code restrictions to the right of subrogation applies.

The grant of subrogation under Section 509(a) is subject to restrictions set forth in Section 509(b), which provides:

Such entity is not subrogated to the rights of such creditor to the extent that—

(1) a claim of such entity for reimbursement or contribution on account of such payment of such creditor's claim is—

(A) allowed under section 502 of this title;

(B) disallowed other than under section 502(e) of this title; or

(C) subordinated under section 510 of this title; ...

11 U.S.C. § 509(b). Appellant maintains that Old Republic could not be subrogated to the rights of the creditors under Section 509 of the Bankruptcy Code because it elected to proceed with a claim for reimbursement under Section 502 instead of one for subrogation. Although appellant has failed to demonstrate the "exceptional circumstances" necessary to raise a new argument on appeal, *Marymount Hospital Inc. v. Shalala*, 19 F.3d 658, 663 (D.C.Cir.1994), the Court has considered the issue on its merits.

Section 502(e) of the Bankruptcy Code provides that the court "shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that ... such entity asserts a right of subrogation to the rights of a creditor under section 509 of this title." 11 U.S.C. § 502(e)(1)(C). Concededly, Old Republic has two types of claims: (1) a claim for reimbursement or contribution, and (2) a subrogation claim; and it is clear under the Bankruptcy Code that it cannot have an allowed claim in both categories because that would permit it to effectuate a double recovery. *In re Watkins Oil Service, Inc.*, 100 B.R. 7, 12 (Bankr.D.Az.1989). But where the surety decides not to pursue a claim for reimbursement or contribution and thus has no allowed claim under Section 502, Section 509(b) does not prevent the assertion of its rights of subrogation. *See* LAWRENCE P. KING, 3 *COLLIER ON BANKRUPTCY* ¶ 509.03 at 509–9 (15th ed. 1994) ("Section 509(b)(1)(A) applies *only in the event that a co-debtor's*

*claim for reimbursement or contribution* based on the co-debtor's payment of the creditor's claim, *is allowed under section 502....* In such event, section 509(b)(1)(A) precludes subrogation of the co-debtor to the extent of such allowance.") (emphasis added).

The proof of claim filed by Old Republic in this case expressly provides: "Old Republic asserts no claim in its own right, but only asserts this proof of claim as subrogee of the trust beneficiaries and the successor trustee." Appellee Post–Argument Mem., Ex. 1. In addition, paragraph 28 of the complaint unequivocally asserts only subrogation rights:

> As surety who has satisfied the Debtor's obligations, Old Republic is subrogated both legally and equitably to all rights of the trust estate and/or the trust beneficiaries to recover the debt owed by Mr. Richardson to the trust estate and/or the trust beneficiaries.

Complaint at ¶ 28. Finally, the order of the Superior Court, dated January 21, 1994, entering judgment in favor of Old Republic against appellant upon Old Republic's satisfaction of the judgment against it and the debtor, expressly states that Old Republic was granted judgment over against the debtor "under the provisions of Title 16–4102 of the Code of the District of Columbia," the section of the Code dealing with a surety's subrogation rights upon satisfaction of a creditor's claims. *Michael D.D. Brown v. Ruth Helen Norris,* S.Ct. Civil Action No. 83–9310 (D.C.Super.Ct. Jan. 21, 1994), Order. As the Bankruptcy Court noted, none of the evidence before it "suggests that [appellant] has a claim for reimbursement or contribution that has been allowed under § 502" but rather that Old Republic "chose[ ] to pursue its claim under the rights of the trust beneficiaries." Bankruptcy Court Opinion, 178 B.R. 19, 22 (Feb. 17, 1995).

Since Old Republic has affirmatively asserted only subrogation rights, and no claim was allowed for reimbursement or contribution under Section 502(e), Old Republic is entitled to proceed on those subrogation rights pursuant to Section 509 of the Bankruptcy Code. *See In re Trasks' Charolais,* 84 B.R. 646, 650 (Bankr.D.S.D.1988) (where

co-debtor filed proof of claim asserting a right of subrogation, co-debtor was entitled to subrogation rights notwithstanding Section 509(b)). Section 509(b) of the Code is not implicated because Old Republic does not have an allowed claim for reimbursement or contribution and has asserted only subrogation claims.

### B.  Dischargeability

■ Only certain debts of an individual debtor in bankruptcy are dischargeable under the Bankruptcy Code. Most relevant here, an individual debtor is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity...." 11 U.S.C. § 523(a)(4). The Bankruptcy Court held that, as a result of his defalcation, appellant's debt to the trust beneficiaries, and thus to Old Republic as surety, was non-dischargeable under Section 523(a)(4).

While there was no express fiduciary relationship between appellant and Old Republic, the Bankruptcy Court concluded as a matter of law that there did not need to be an explicit fiduciary relationship because Old Republic was subrogated to the rights of the trust beneficiaries and that, as subrogee, Old Republic stood in the shoes of the prior claim holders (the trust beneficiaries) who did have a fiduciary relationship with appellant. As such, the Bankruptcy Court concluded, Old Republic was entitled to all the rights and remedies against the debtor under the Bankruptcy Code that the trust beneficiaries could have asserted, including the right to object to the dischargeability of debts. Bankruptcy Court Opinion at 6–7. Upon *de novo* consideration, this Court reaches the same conclusion.

Among the rights held by the trust beneficiaries and successor trustee as creditors is the right to object to the dischargeability of the debt owed by appellant under Section 523(a)(4). Where a surety like Old Republic pays a non-dischargeable obligation of its principal, the surety is subrogated to the insured's claim against the principal as well as to the non-dischargeable quality of the obligation. *In re Norris,* 107 B.R. 592, 594 (Bankr.E.D.Tenn.1989) ("a surety who pays a nondischargeable ... debt has a nondischargeable ... claim against the debtor");

*In re Morris,* 31 B.R. 474 (Bankr.N.D.Ill. 1983) ("as subrogee, Plaintiff is entitled to a finding of nondischargeability in the same manner and effect as is its insured ..."); *In re Covino,* 12 B.R. 876, 877 (Bankr.M.D.Fla. 1981) ("where one secondarily liable is called upon to make good on his obligation and pays the debt, he steps into the shoes of the former creditor. He becomes subrogated to all the rights of the creditor against the principal debtor...."); *In re Gibbs,* 11 B.R. 320, 322 (Bankr.W.D.Mo.1981) ("the surety is subrogated to the rights of the creditor whose claim it pays and ... the surety's right to reimbursement is of the same character as the creditor's claim."). *See also In re Fields,* 926 F.2d 501, 504 (5th Cir.), *cert. denied,* 502 U.S. 938, 112 S.Ct. 371, 116 L.Ed.2d 323 (1991); *In re Alloway,* 37 B.R. 420, 423 (Bankr.E.D.Pa.1984).[1]

The cases cited by appellant are inapposite. None of them involves subrogation, and most of them do not involve Section 509 of the Bankruptcy Code. *See also* Bankruptcy Court Opinion at 24. Furthermore, the policy of the Bankruptcy Code is furthered by application of the doctrine of subrogation here. As an attorney, appellant is an officer of the court who took money from the trust estate for his own personal benefit by paying himself unapproved fees and expenses and did not reimburse the trust estate when ordered to do so. The Code's policy with respect to dischargeability is to enable innocent but financially disabled debtors to have a fresh start. In this case, appellant is not among the class of individuals intended to benefit from the dischargeability provisions of the Bankruptcy Code. *See, e.g., In re Norris,* 107 B.R. at 596.

## IV.  CONCLUSION

The Court concludes as a matter of law that Old Republic is subrogated, as a surety, to the rights of the trust beneficiaries, credi-

tors of appellant in this case. As such, Old Republic may exercise the trust beneficiaries' right of non-dischargeability under Section 523(a)(4) of the Bankruptcy Code. Accordingly, summary judgment for appellee is appropriate and the judgment of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

---

1. The law of the District of Columbia is in accord with the proposition that a surety is subrogated to all rights and remedies available to the creditor. "Subrogation is the entitlement of one who has been compelled to satisfy an obligation which was the responsibility of another to a cession of the remedies which the creditor might have against the other." *District of Columbia v.* *Aetna Ins. Co.,* 462 A.2d 428, 430 (D.C.1983). *See also Continental Cas. Co. v. American Security Corp.,* 443 F.2d 649, 652 (D.C.Cir.1970). *See Pearlman v. Reliance Insurance Co.,* 371 U.S. 132, 137, 83 S.Ct. 232, 235, 9 L.Ed.2d 190 (1962) ("a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed.").